FTB:RMS
F. #2023R00346

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

YAASMEENA DENNY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. 1:25-cr-00103(JMA)(VMS)
(T. 18, U.S.C., §§ 371, 492, 500,
981(a)(1)(C), 1708, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

Background

1. The defendant YAASMEENA DENNY was a resident of Queens, New York.

2. Public Official #1, an individual whose identity is known to the United States Attorney, was employed by the United States Postal Service ("USPS") and assigned to the Jamaica Main Post Office.

3. The USPS was an agency of the United States. Among other functions, the USPS issued postal money orders ("PMOs"). PMOs were negotiable financial instruments and were offered for sale at USPS post offices in any denomination from $1 to $1,000, in exchange for a small service fee in addition to the value of the desired PMO. Each PMO resembled an ordinary bank check and contained a line for the purchaser to write the name of the entity or individual to whom the value of the PMO was to be paid, referred to as the "payee."

4.     Company #1, an entity the identity of which is known to the United States Attorney, was a property management company based in Queens, New York that owned residential rental buildings in New York City.  Some of Company #1's tenants paid their rent by using pre-printed envelopes provided by Company #1 to send PMOs to Company #1 via USPS.

The Criminal Scheme

5.      From approximately June 2022 to at least September 2024, Public Official #1, contrary to the duties and responsibilities of a USPS employee, stole mail that customers had placed into the custody of the USPS for delivery.  The mail that Public Official #1 stole contained, among other things, PMOs intended for Company #1.

6.     After stealing the mail, Public Official #1 passed the PMOs contained therein to co-conspirators, including the defendant YAASMEENA DENNY, who manipulated the PMOs to remove the names of the payees.  Once the name of the intended payee had been removed, DENNY or a co-conspirator inscribed the name of another co-conspirator on the PMO, thereby allowing a person or entity other than the true payee to cash the PMO.

7.     The defendant YAASMEENA DENNY also cashed PMOs that had been intended for Company #1 but instead were altered to list her own name as the payee.

COUNT ONE
(Conspiracy to Pass Altered Postal Money Orders)

8.     The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

9.     In or about and between October 2022 and September 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant YAASMEENA DENNY, together with others, did knowingly and willfully conspire to pass one or more forged money orders purportedly issued by and under the direction of the

USPS, knowing one or more material alterations therein to have been falsely made, contrary to Title 18, United States Code, Section 500.

10. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant YAASMEENA DENNY, together with others, did commit and cause the commission of, among others, the following:

OVERT ACTS

(a) In approximately October 2022, DENNY cashed one or more PMOs that had been intended for Company #1 but altered to indicate falsely that DENNY was the intended payee.

(b) In approximately January 2024, DENNY obtained from Public Official #1 PMOs intended for Company #1, which Public Official #1 had stolen from the mail.

(c) In approximately January 2024, DENNY altered the PMOs intended for Company #1 to replace Company #1's name with the names of co-conspirators, thereby allowing her co-conspirators to cash the PMOs.

(d) On or about April 2, 2024, DENNY communicated with Public Official #1 regarding the division of the illegal proceeds of the criminal scheme.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWO
(Passing of Altered Postal Money Order)

11. The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

12. In or about October 2022, within the Eastern District of New York and elsewhere, the defendant YAASMEENA DENNY, together with others, did knowingly and with intent to defraud pass and attempt to pass one or more forged and altered money orders issued by

and under the direction of the USPS, knowing one or more material alterations therein to have been falsely made.

(Title 18, United States Code, Sections 500, 2 and 3551 et seq.)

## COUNT THREE
(Possession of Stolen Mail)

13.  The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

14.  In or about and between October 2022 and September 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant YAASMEENA DENNY, together with others, did knowingly and intentionally steal mail from and out of a post office, and remove from such mail one or more articles and things contained therein, and receive, conceal and unlawfully have in their possession one or more items of mail, and one or more articles and things contained therein, which had been so stolen, knowing the same to have been stolen.

(Title 18, United States Code, Sections 1708, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND TWO

15.  The United States hereby gives notice to the defendant that, upon her conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 492 and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (i) all counterfeits of any coins or obligations or other securities of the United States or of any foreign government;

(ii) any articles, devices, and other things made, possessed, or used in violation of Title 18, United States Code, Section 500; or (iii) any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 492 and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT THREE

17. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

*By Carolyn Pokorny, Assistant U.S. Attorney*
JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK