

U.S. Department of Justice

United States Attorney
Eastern District of New York

SKW  
F. #2023R00346

271 Cadman Plaza East  
Brooklyn, New York 11201

March 25, 2025

By ECF

The Honorable Joan M. Azrack  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

The Honorable Eric Komitee  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

Re:     United States v. Yaasmeena Denny 25-CR-103

Dear Judge Azrack and Judge Komittee:

Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case against the defendant Yaasmeena Denny ("Denny") is presumptively related to United States v. Darian Cantre, et al., No. 24-CR-242 (EK) ("Cantre/Duzant") and United v. Larry Jennings, 24-CR-528 (EK) ("Jennings").

Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case."  Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

This letter constitutes the notice directed by Local Rule 50.3.2(c)(1).  Denny is presumptively related to Cantre/Duzant and Jennings because the facts of Denny arise out of the same criminal scheme as charged in Cantre/Duzant and Jennings.  Specifically, the defendant in Denny will be charged by information for conspiracy to pass altered postal money orders postal placed into the custody of the United States Postal Service for delivery and the defendants in

Cantre/Duzant and Jennings previously were charged by indictment in connection with the scheme involving those same stolen postal money orders.[1]

Because Denny and Cantre/Duzant and Jennings are thus presumptively related, the government respectfully submits that reassignment of Denny would be appropriate, as it would result in a significant savings of judicial resources and serve the interests of justice.

        Respectfully submitted,

        JOHN J. DURHAM
        United States Attorney

By:    /s/ Sara K. Winik
        Sara K. Winik
        Assistant U.S. Attorney
        (718) 254-6058

---

[1] The defendants in Cantre/Duzant and Jennings each have pleaded guilty.